MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

THOMAS E. STEVENS (CABN 168362)
Assistant United States Attorney
1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
Thomas.Stevens@usdoj.gov

**FILED**

OCT 28 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES ROSS,<br><br>Defendant. | CASE NO. CR-13-0638 JST<br><br>STIPULATION AND [PROPOSED]<br>PROTECTIVE ORDER<br><br>OAKLAND VENUE |

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States and the defendant, through their undersigned counsel, hereby stipulate and agree that the Court should issue the proposed Protective Order requiring that all documents and other materials produced by the government to the defendants be subject to the following conditions:

1. <u>Protected Material</u>

The government anticipates producing a relatively large volume of documents in this case. Substantial portions of the discovery include confidential personal identifying information (*e.g.*, residential and email addresses, telephone numbers, social security numbers) and financial information (*e.g.*, bank account numbers) relating to the defendant, alleged victims, and certain third parties.

In order to expedite discovery, and avoid any potential delay which might result from redacting confidential information from the documents prior to their production, the parties have agreed to certain restrictions on documents labeled and otherwise classified as "Protected Material." If the government

STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CR-13-0638 JST

considers any of the materials it produces to be Protected Material, the government shall so indicate on the cover of any CDs, hard-copy documents or other media by which such information is produced, and/or in the accompanying cover letter

Possession of copies of the Protected Material shall be limited to attorneys for the defendant, including any investigators, paralegals, law clerks, assistants and other persons who are within the attorney-client privilege (hereinafter collectively referred to as "members of the defense team"). The defendant may possess the Protected Material only in the presence of his attorneys or members of the defense team; the defendant may not retain his own copies. However, the defendant may retain copies of Protected Material if confidential personal identifying information and financial information have been redacted from the documents prior to providing the defendant copies of said Protected Material. This redaction provision does not apply to confidential personal identifying information and financial information pertaining to the defendant or members of his immediate family; the defendant may retain unredacted copies of such information.

The defendant, his attorneys, and members of the defense team may use the Protected Material for any purpose consistent with defending against the allegations in the Indictment. The defendant, his attorneys, and members of the defense team may show the Protected Material to witnesses or prospective witnesses in conjunction with their defense of this case, but may not permit such persons to retain copies. The defendant, his attorneys, and members of the defense team agree not to share, duplicate, or give copies of the Protected Material to other persons.

Pursuant to Fed. R. Crim. P. 16(d)(1), the parties may, for good cause shown, seek an order modifying this Protective Order to, for example, exclude certain documents from the category of Protected Material, and nothing about this stipulation and order shall constrain the ability of the parties to seek, or the ability of the Court to grant, such relief.

Consistent with and in no way limiting the previous paragraph, if the defendant objects to the government's designation of materials produced as Protected Material, the defendant may, after making a good faith effort to resolve such objection, move on reasonable notice for an order vacating the designation. While such application is pending, the materials at issue shall be treated as Protected Material. The government shall have the burden of establishing that the materials are entitled to the

STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CR-13-0638 JST

protection afforded to Protected Material.

2. <u>Court Filings</u>

The parties further agree that they will make good faith efforts to undertake all reasonable and practicable steps to prevent the public disclosure in court filings of confidential information (including, but not limited to, social security numbers, phone numbers, addresses, email addresses) that is contained in the Protected Material. Such steps may include, but are not limited to, filing under seal, redacting, or coding the information.

3. <u>Return or Destruction of Protected Material</u>

The defendant, his attorneys and the members of the defense team shall return to the government all Protected Material provided pursuant to this Protective Order, or certify in writing to the U.S. Attorney's Office that the Protected Material has been destroyed, within ninety (90) calendar days after any one of the following events, whichever occurs latest in time: (a) dismissal of all charges against the defendant; (b) the defendant's acquittal after trial by court or jury; (c) if defendant is convicted, the expiration of the time period in which a direct appeal may be taken; (d) if a direct appeal is taken, the date on which any such appeal is finally determined; and, (e) expiration of time for the defendant's application for habeas corpus relief. However, the defendant's counsel shall be entitled to retain court papers, correspondence, pleadings, deposition and trial transcripts and attorney work product, provided that such counsel (and employees of such counsel) shall not disclose the court papers, correspondence, deposition and trial transcripts or attorney work product to any person not subject to the provisions of this Protective order, except pursuant to a court order or agreement with the government.

//
//
//
//
//
//
//
//

STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CR-13-0638 JST

1  The government will maintain a copy of all Protected Material in compliance with its normal
2  document retention policies.

   SO STIPULATED.

DATED: October 25, 2013

MELINDA HAAG
United States Attorney

___/s_____
THOMAS E. STEVENS
Assistant U.S. Attorney

___/s_____
JOSHUA HILL
Attorney for Defendant James Ross

[PROPOSED] ORDER

Pursuant to the parties' stipulation, and good cause appearing therefor, it is so ORDERED.

DATED: 10/26/31

JON S. TIGAR
United States District Judge

STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CR-13-0638 JST